UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **PATRICIA TATE** | **CASE NO. 6:22-CV-05453** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **UNDERWRITERS AT LLOYDS LONDON** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 20] filed pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(2), and 12(b)(4) by defendant Society of Lloyds ("Lloyds"). The motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from damage to plaintiff's home in Hurricane Delta, which made landfall in Southwest Louisiana on October 9, 2020. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on October 4, 2022, raising claims of breach of insurance contract and bad faith against Lloyds under Louisiana law and invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. The court stayed all suits filed by MMA in October 2022, after concerns of misconduct by those attorneys began to arise. Doc. 4.

On November 1, 2023, the court terminated MMA counsel from plaintiff's representation and designated plaintiff as a pro se litigant. Doc. 19. Two days later, Lloyds filed a motion to dismiss. Doc. 20. It seeks dismissal of all claims on the following grounds:

(1) the complaint fails to state a claim on which relief can be granted because it does not identify the underwriters, if any, who insured plaintiff; (2) the process was insufficient on the same basis; and (3) the court lacks personal jurisdiction over the entity named as defendant by plaintiff. *Id.* A notice of motion setting was issued by the clerk's office, setting response deadlines. Doc. 21. On November 25, 2023, after the response deadline had lapsed, new counsel enrolled for plaintiff. Doc. 22. The court then entered an electronic order, extending plaintiff's response deadline to December 11, 2023. Doc. 24. That date has now passed with no response filed to the motion to dismiss. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

It is well-established under federal jurisprudence that "[t]he Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1083 (11th Cir. 2010). Simply put, "a policy holder insures at Lloyd's, but not with Lloyd's." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). "The members or investors are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." *Id.* Accordingly, the proper defendants in a breach of insurance contract suit arising from a Lloyds policy are the underwriters subscribing to a specific policy rather than a generic reference such as "Underwriters at Lloyd's, London." *Conroy v. Underwriters at Lloyds London*, 2023 WL 8480069, at *2 (W.D. La. Dec. 7, 2023) (collecting cases). The court agrees that the only named defendant in this suit lacks the capacity to be sued and that plaintiff's complaint thus fails to state a claim on which relief can be granted. Given the lack of opposition, the claims will be dismissed without leave to amend.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 20] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 20th day of December, 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**